UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANIEL RAYGOZA VASQUEZ, | Case No.  1:26-cv-00200-BLW |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| RUBEN LEYVA,[1] Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, Acting U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; JARROD THOMPSON, Cassia County Sheriff responsible for the operations of the Mini Cassia Criminal Justice Center; and MIKE HOLLINSHEAD, Elmore County Sheriff responsible for the operations of the Elmore County Detention Center, | |
| Respondents. | |

## INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner

Daniel Raygoza Vasquez ("Raygoza"). *See* Dkt. 1. For the reasons described

---

[1] The Court has substituted Ruben Levya, the current Acting Field Office Director of Enforcement and Removal Operations for Michael Bernacke.

ORDER - 1

below, the Court will grant the Petition. Respondents must either release Raygoza

or provide him with a bond hearing before his April 16, 2026 immigration hearing.

If the April 16, 2026 hearing is continued for more than seven days, then the bond

hearing is to be held within seven days of the date of this Order.

## BACKGROUND

Raygoza is a native and citizen of Mexico. In July 2022, U.S. Border Patrol

apprehended Raygoza and removed him to Mexico. Later that year, he returned to

the United States and has been living here since. *See Petition* ¶ 44. He currently

resides in Burley, Idaho with his fiancée and infant child, both United States

citizens. *Id.* ¶ 41. Raygoza reports he has been employed as a welder and mechanic

at a ranch in rural Idaho. *Id.* ¶ 44.

Raygoza has had the following encounters with law enforcement:

In September 2024, he was cited for driving without privileges. He failed to

appear for court hearings related to that citation; the judge eventually issued a

bench warrant; and on April 1, 2026 he was convicted for the infraction of driving

without privileges.

Raygoza has also been convicted of providing false information to law

enforcement. This conviction arose out of a February 10, 2026 traffic stop, where

he provided a false name and date of birth to law enforcement. During the same

stop, Raygoza was charged with possession of a controlled substance and

possession of drug paraphernalia. The affidavit in support of the criminal complaint also states: "I later discovered that Daniel had previously provided false information on February 4, 2026, to Corporal Kunzler during an incident in which he crashed into another vehicle." *Feb. 11, 2026 Affidavit in Support of Complaint, Attachment 2 to Ramirez Dec.,* Dkt. 7-1, at p. 2-007. On February 20, 2026, Raygoza pleaded guilty to providing false information. The drug charges were dismissed.

ICE lodged an immigration detainer for Raygoza while he was in jail and took custody of him on or about April 2, 2026. He has now been placed in removal proceedings, having been served with a Notice to Appear on April 16, 2026, before an immigration judge. Respondents are currently detaining Petitioner at the Mini-Cassia Justice Center in Burley, Idaho. He filed a Petition for Writ of Habeas Corpus on April 1, 2026.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.*

ORDER - 3

## ANALYSIS

This Petition presents a statutory issue resolved by this Court dozens of times in the last several months. The deluge of cases stems from a policy shift by the Department of Homeland Security (DHS) and Executive Office of Immigration Review (EOIR) regarding the application of 8 U.S.C. § 1225, which mandates the detention of a limited class of immigrant detainees without the chance for a bond hearing. *See Moctezuma Macias v. Henkey*, No. 1:25-cv-00741, 2026 WL 221450, at *1-2 (D. Idaho Jan. 27, 2026); *see also, e.g.*, *Cordero Esparza v, Knight*, 1:25-cv-00601-BLW, 2025 WL 3228282 (D. Idaho Nov. 19, 2025).

There is no need to reanalyze the question. As the Court explained recently:

Historically, noncitizens potentially subject to immigration detention could be detained under two possible statutes. Section 1225 applied to noncitizens "seeking admission into the country"— those apprehended at or near the border— and did not allow for a bond hearing. But noncitizens already established in the United States were detained under 8 U.S.C. § 1226, which provides for discretionary detention with bond hearings to allow the release of detainees who do not pose a danger to the community or flight risk. *See  Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). This statutory scheme reflects a longstanding distinction between noncitizens who reside in the United States and those who have not yet entered. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

In July 2025, DHS attempted to eliminate this distinction. On July 8, 2025, ICE issued "Interim Guidance Regarding Detention Authority for Applicants for Admission," instructing that all persons who entered without inspection be subject to mandatory detention under § 1225(b)(2)(A), regardless of when they were apprehended or how long they have resided in the United States. On September 5, 2025, the Board of Immigration Appeals (BIA) issued a precedential decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that immigration judges lack authority to conduct bond hearings for individuals who entered without admission, as they are deemed "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). Since then, district courts across the country have found that this interpretation violates the Immigration and Nationality Act and the constitutional due process rights of detained immigrants. *Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

This Court has considered many substantively identical habeas petitions in recent months and has repeatedly rejected Respondents' reading of § 1225. Respondents have not offered any new arguments here, and there is no need here to restate the Court's reasoning, which is laid out at length in cases such as *Quijada Cordoba v. Knight*, 1:25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025). The Court again finds that Petitioner's mandatory detention under § 1225 is unlawful.

*Moctezuma Macias*, 2026 WL 221450, at *1.

This Court's previous cases answer the legal issue. Respondents urge the Court to reconsider its analysis in light of the recent Fifth and Eighth Circuits. *See Buenrostro-Mendez v. DHS*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, ___ F.4th ___, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). The Court has reviewed these decisions and is not persuaded by their reasoning. Instead, the Court is persuaded by the reasoning reflected in the dissents in those cases and by

ORDER - 5

the Seventh Circuit's decision in *Castañon-Nava v. U.S. Department of Homeland Security*, 161 F.4th 1048 (7th Cir. 2025), issued in the preliminary injunction context. In short, the Court remains convinced that Petitioner's detention is governed by 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225.

The only remaining question is the appropriate remedy. A district court has equitable discretion, "as law and justice require," for remedying unlawful detention in a habeas petition pursuant to § 2254. *See Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Despite this discretion, however, relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up). Thus, relief "must be narrowly tailored to remedy the specific harm shown." *Id.*

In this case, the question of a remedy is more complex than in other cases the Court has decided. As noted above, Petitioner has failed to appear for past court hearings, and he has been convicted of providing false information to law enforcement. Respondents argue that "[t]hese are indicia of danger to the community and flight risk." *Response,* Dkt. 7, at 7. Under these circumstances, and despite his ties to the United States, the Court finds that an individualized bond hearing is appropriate. The Court is aware that Petitioner is scheduled to appear for a removal hearing on April 16, 2026. The record reflects that such proceedings will

ORDER - 6

not include a custody determination. To ensure that the relief ordered here is meaningful, a bond hearing must occur before that hearing. Accordingly, Respondents must either (a) release Petitioner or (b) provide him with a bond hearing, and that hearing must be conducted before any removal hearing. If that April 16, 2026 hearing is continued, then Respondents must provide Petitioner with a bond hearing before the continued immigration hearing, or within seven days of this Order, whichever occurs first.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**. Respondents must either: (a) release Petitioner; or (b) provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226 before his scheduled April 16, 2026 immigration hearing, *or* within seven days of the date of this Order, whichever occurs first.

2. Respondents shall file a status report within twelve days of the date of this Order confirming compliance with this Order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reason for that denial.

3. Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) and his Motion for Immediate Court Intervention (Dkt. 11) are **DENIED AS MOOT**.

DATED: April 15, 2026

B. Lynn Winmill
U.S. District Court Judge